UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                        DECISION AND ORDER

                                                        21-CR-6057L

                    v.

SYLVESTER W. REED,

                              Defendant.

---

Defendant Sylvester Reed has been charged in an indictment with credit union robbery and

related charges stemming from an alleged robbery of ESL Federal Credit Union in Irondequoit, New

York on December 16, 2020. This Court referred all pretrial matters to United States Magistrate

Judge Mark W. Pedersen pursuant to 28 U.S.C. § 636(b).

Reed filed motions to suppress physical evidence and statements that he made to law

enforcement officers during an interview following his arrest. On September 16, 2022, Magistrate

Judge Pedersen entered a detailed Report and Recommendation ("R & R") (Dkt. #63). The

Magistrate Judge recommended that this Court deny the motion to suppress physical evidence, and

that the Court grant the motion to suppress defendant's statements, but only to the extent that the

statements were made before Reed was informed of his *Miranda* rights. As to defendant's post-

*Miranda* warning statements, Magistrate Judge Pedersen recommended that the motion to suppress

be denied.

Defendant has filed objections to those portions of the R & R that recommend denial of his

suppression motions.  (Dkt. #66.)  The Government has not filed any objections to the R & R, but has filed a response to the defendant's objections.  (Dkt. #74.)

After reviewing the Magistrate Judge's R & R, defendant's objection to the R & R, as well as an audiovisual recording of the interview at which Reed made the statements in question, I accept the Magistrate Judge's conclusions and recommendation that defendant's motions to suppress be denied as to defendant's post-*Miranda* warning statements.

**DISCUSSION**

The statements that Reed moves to suppress were made during an interview that took place at the Public Safety Building in Rochester on December 16, 2020, several hours after his arrest. Reed states in an affidavit (Dkt. #36) that he was in an automobile accident at around 2:30 p.m. that day, that he was arrested and taken to a hospital for his injuries, was released from the hospital after about four hours, and was then transported to the Public Safety Building.  He also states that he had used cocaine and heroin earlier that day.

At the Public Safety Building, Reed was taken to an interview room, where he was questioned by two police investigators.  The Government has provided the Court with a disc containing a video recording of the interview.  Both the Magistrate Judge and this Court have watched the entire recording.

The investigators conversed with Reed for about 18 minutes before reading him his rights. During that portion of the interview, they talked about Reed's background, which included his employment history and his history of drug use.  When he was advised of his rights, Reed stated that he understood his rights, and said, "I don't mind" continuing to speak with the investigators.  The

-2-

interview then continued for about another 28 minutes.

In the R & R, Magistrate Judge Pedersen stated that the investigators should have informed defendant of his rights at the very start of the interview, and that Reed's statements made prior to the *Miranda* warnings should be suppressed. Neither side has objected to that aspect of the R & R, which I accept and adopt.

The Magistrate Judge also concluded that defendant's statements made during the *Mirandized* portion of the interview should not be suppressed. He found that Reed "understood the *Miranda* warnings and knowingly and intelligently waived them." (Dkt. #63 at 6.)

In his objections to the R & R, defendant contends that it is obvious from the video recording that due to a lack of sleep and his prior drug use, Reed was in no condition to understand or validly waive his rights. He also argues, relying on *Missouri v. Seibert*, 542 U.S. 600 (2004), that the *Miranda* warnings in this case were rendered ineffective because of the questioning that preceded them. I am not persuaded by either argument.

Early in the interview, Reed did state that he had not slept in a long time, and he said that he had used cocaine and heroin earlier that day, perhaps most recently about six hours ago. (He also stated that he had not eaten recently, and one of the investigators brought him some snacks and coffee, and allowed him to smoke a cigarette.) Although Reed was obviously distressed and upset–indeed, it would have been remarkable had he not been, under the circumstances–he was clearly lucid and aware of what was going on. His answers to the investigators' questions, though occasionally mumbled, were responsive and coherent. He spoke at some length about his personal background, including his family, employment history, and health, and his narratives were clear and included specific details about past events. In addition, when asked if he was drunk or high at that

-3-

moment, Reed said he was not.[1]  Most importantly, when he was read his rights, Reed showed no signs of confusion or incomprehension, and he affirmatively stated that he did not mind talking to the investigators about the events of that day.

Defendant asserts that, apart from any issues relating to his mental state, Reed's post-*Miranda* warning statements should be suppressed because he had already been questioned at length by the investigators, prior to the warnings.  Defendant contends that the investigators used a "question first, warning later" tactic that has been disapproved by the United States Supreme Court. *See Missouri v. Seibert*, 542 U.S. 600 (2004); *Oregon v. Elstad*, 470 U.S. 298 (1985).

In its response to defendant's objection to the R & R, the Government states that the Court should not even consider this argument, because it was not raised before the Magistrate Judge.  In his motion papers submitted to the Magistrate Judge, defendant stated that "[a]fter engaging in a conversation with Mr. Reed for approximately 18 minutes, Inv. Shuman ultimately read him the *Miranda* warnings," Dkt. #32 at 16, but he never argued that the delay in issuing the warning was itself a reason to suppress post-warning statements.  He argued only that it was evident from the pre-warning portion of the interview that Reed was incapable of knowingly and intelligently waiving his *Miranda* rights.

The Court of Appeals for the Second Circuit has not expressly held whether a party can raise an argument for the first time in objections to a magistrate judge's report and recommendation, or whether the district judge may or should consider such an argument.  There appears to be a split among the district courts in this circuit, with some courts flatly stating that a district judge cannot

---

[1]Reed also stated that he did not use alcohol, and that although he did occasionally use marijuana, he had not used any that day.

and will not consider new arguments raised in objections to a report and recommendation, while other courts have indicated that a district judge has some discretion in this area, and that there may be circumstances in which it is appropriate to consider such newly-raised arguments. *See Villalta v. J.S. Barkats, PLLC*, No. 16-CV-2772, 2020 WL 3970098, at \*2-\*3 (S.D.N.Y. July 14, 2020) (citing cases and summarizing the split).

In the case at bar, I find it unnecessary to resolve this question. While there does not appear to be any reason why this argument could not have been raised before Magistrate Judge Pedersen, the fact is that I have watched the entire video of Reed's interview, and I can easily conclude that the actions of the investigators did not run afoul of *Seibert, Elstad*, or Second Circuit authority applying those cases. Even if I were to overlook defendants' failure to present this argument to the Magistrate Judge, then, it would not affect the outcome.

There is no indication that the investigators who conducted the interview deliberately engaged in a two-step process to avoid the strictures of *Miranda*. While the pre-*Miranda* portion of the interview went beyond purely pedigree information, they obviously made pains to stay away from facts concerning the robbery itself. At one point, Reed states, "I didn't get up this morning to rob a bank," and Investigator Shuman cuts him off, stating, "We're going to talk about that in a minute." Shuman then changed the subject, asking Reed about his phone number. Clearly, if the investigators had wanted to elicit a pre-warning confession, that would have been the moment to do so; they did not. *See Elstad*, 470 U.S. at 314, 318 (stating that the "subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement," because "the finder of fact may reasonably conclude that the suspect made a rational and intelligent choice

whether to waive or invoke his rights").

I agree with Magistrate Judge Pedersen that Reed "understood the *Miranda* warnings and knowingly and intelligently waived them." As explained above, Reed certainly understood his rights, and made a conscious, informed decision to continue the interview and to talk about the events underlying the crime charged. (Dkt. #63 at 6.) Defendant's motion to suppress post-*Miranda* warning statements is therefore denied.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #63) of United States Magistrate Judge Mark W. Pedersen. Defendant's motion to suppress statements (Dkt. #32) is granted in part and denied in part. Defendant's motion to suppress statements made prior to his *Miranda* warnings is granted, and evidence of those statements is suppressed. Defendant's motion to suppress statements made after his *Miranda* warnings is denied.

IT IS SO ORDERED.

Dated:     January 19, 2023
             Rochester, New York

                             DAVID G. LARIMER
                             United States District Judge